# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| BRIAN B GARLIN,<br><br>    Plaintiff<br><br>v.<br><br>VETERANS ASSOCIATION OF PALO ALTO, et al.<br><br>    Defendants. | Case No. 2:23-cv-00632-NJK<br><br>**ORDER** |

On April 25, 2023, Plaintiff was ordered to show cause why this case should not be dismissed or transferred as being filed in an improper venue. Docket No. 4. To date, Plaintiff has not responded to the order to show cause and the deadline to do so has now passed. *See* Docket.

Venue may be raised by the Court *sua sponte* where the defendant has not yet filed a responsive pleading and the time for doing so has not run. *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986). The federal venue statute requires that a civil action be brought in (1) a judicial district in which any defendant resides, if all defendants reside in the same state where the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). If a case has been filed in the wrong district, the district court in which the case has been incorrectly filed has the discretion to transfer such case to any district in which it could have been brought. 28 U.S.C. § 1406(a).

Plaintiff has requested permission to proceed in forma pauperis and has filed a proposed complaint. Docket Nos. 1; 1-1. The defendants named in Plaintiff's proposed complaint appear to all be residents of California. Docket No. 1-1 at 2, 4. Further, to the extent that a location can be

discerned from the proposed complaint, the events giving rise to Plaintiff's claims appear to have occurred in either Bakersfield or Palo Alto, California. *Id.* at 4, 6. Based on Plaintiff's proposed complaint, the Court cannot determine whether the District of Nevada or another district court is the proper venue for this case.

      Moreover, Plaintiff's refusal to respond to this Court's order has interfered with the Court's ability to hear this case, delayed litigation, disrupted the Court's timely management of its docket, wasted judicial resources, and threatened the integrity of the Court's orders and the orderly administration of justice. Sanctions less drastic than dismissal are unavailable because Plaintiff has refused to comply with the order of this Court notwithstanding the warning that the case may be dismissed.

      Accordingly, this case is **DISMISSED** without prejudice.

Dated: June 2, 2023

                                                                            _____
                                                                            Nancy J. Koppe
                                                                            United States Magistrate Judge